UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSHUA DAVIS                                                                                               PLAINTIFF

v.                                                                          CIVIL NO. 3:24-CV-206-DPJ-ASH

PILOT CO. et al.                                                                                       DEFENDANTS

ORDER

Pro se Plaintiff Joshua Davis filed suit under 42 U.S.C. § 1983 against various public and private Defendants in April 2024. Defendant Pilot Co. and two persons associated with it have moved to dismiss. Mot. [10]; *see* Compl. [1] at 2, 3 (naming manager and CEO as Defendants). The Court grants the motion insofar as Davis insufficiently served process. Otherwise, the motion is denied without prejudice, and Davis has 28 days to correct his fault.

I.      Background

Davis says he parked his truck at the Pilot Travel Center in Jackson, Mississippi, the night of April 12, 2023, as he had often done before. *Id*. at 5. This time, he was harassed by "security" who told him to move and used a racial slur when he failed to immediately comply. *Id*. His Complaint is unclear as to who employed "security," though one "security guard" was allegedly a deputy sheriff with Hinds County. *Id*. "Then the shift manager and custodian came out demanding that [Davis] move [his] truck[,] becoming very verbally aggressive." *Id*. Davis tried to comply, but the harassment continued until he summoned Jackson police who defused the conflict. *Id*. Davis says he feared for his life. *Id*.

The causes of action Davis intended to plead against each Defendant remain unclear, but he mentions "[c]ivil harassment and defamation of character." *Id*. He also suggests a premises-liability type claim against Pilot: "The law says if a property owner ignores any dangerous

conditions on their premises or fails to take appropriate measures to prevent harassing and intimidating criminal activity." *Id.*

Though Davis sued on April 11, 2024, he didn't get summonses issued until July 1. By August 2, no returns had been filed, and no Defendants had appeared. The Court therefore entered a show-cause order [3] under Federal Rule of Civil Procedure 4(m) (allowing 90 days after suing to serve process). Davis replied that he tried mailing process on July 24 but "never received any of the signature cards back," so he "mailed paperwork again on August 5, 2024, through UPS." Show-Cause Resp. [4]. His response did not include copies of what he originally mailed or any evidence indicating how he mailed it, but he did file returns of service [5–9] on August 16 indicating "delivered by UPS." Pilot then moved to dismiss [10], and its motion is fully briefed.

II.     Standard

Pilot moves to dismiss under Federal Rule of Civil Procedure 12(b), citing subsections (b)(2) (lack of personal jurisdiction), (b)(4) (insufficient process), (b)(5) (insufficient service of process), and (b)(6) (failure to state a claim). Because the Rule 12(b)(5) argument is jurisdictional and prevails, the Court will not outline the standards governing Defendants' other arguments.

A motion to dismiss under Rule 12(b)(5) "challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed.)). "Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833,

2

835 (5th Cir. 2009) (per curiam) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

Davis represents himself, and the Court recognizes its "duty to construe pro se briefs liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (citing *Abdul-Alim Amin v. Universal Life Ins. Co.*, 706 F.2d 638, 640 n.1 (5th Cir. 1983)).  But on the other hand, "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citation footnotes omitted).

III.   Discussion

Defendants' motion asserts that Davis's "efforts to serve the Pilot Defendants were insufficient and the applicable time period for completion of valid service has expired." Mot. [10] at 1.  Specifically, Defendants say neither Federal Rule of Civil Procedure 4(e) (addressing service on individuals) nor Rule 4(h) (addressing service on corporations) allowed Davis to "serve the Pilot Defendants via mail and then by UPS delivery." Defs.' Mem. [11] at 4.  Davis disagrees, but all he says is that "each defendant was served properly." Pl.'s Mem. [18] at 1.  He neither addresses Rule 4's requirements nor offers record evidence showing proper service.

    A.   Whether Service Was Proper

        1.   Individual Defendants

Starting with the two individual Defendants (Franklin and Wright), Davis was required to serve them in a way Rule 4(e) allows.  Under that rule, a plaintiff can serve an individual by:

3

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Working backwards, Davis didn't use personal or residential service as Rule 4(e)(2) allows. As noted, he first tried mailing the papers to the Pilot Defendants, but he "never received any of the signature cards back." Show-Cause Resp. [4] at 1. He tried again via the UPS courier service, but Rule 4(e)(2) doesn't allow delivery by mail or courier services. *See Boudy v. McComb Sch. Dist.*, No. 5:23-CV-30-KS-BWR, 2023 WL 4831412, at *3 (S.D. Miss. July 27, 2023) (noting that service via UPS did not satisfy Rule 4(e)) (citing cases).

Because Davis didn't follow the federal procedures for personal or residential service under Rule 4(e)(2), he must show that his attempts to serve Defendants Franklin and Wright satisfied the law of the state "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). That requires a different analysis for the two individuals.

***Defendant Franklin:*** Mississippi law applies to Franklin because Davis tried to serve her in this state. Mississippi Rule of Civil Procedure 4(c) lists the ways a plaintiff can serve a defendant. For in-state defendants, those ways include service by process server, sheriff, first-

4

class mail, or publication. Miss. R. Civ. P. 4(c). Davis did not use a process server, a sheriff, or publication, so the only option would be service by first-class mail.

As noted, Davis says he tried to mail the summons and complaint to Franklin and the other Pilot Defendants. But he has not shown that he did so via "first-class mail, postage prepaid" or that he enclosed everything Mississippi Rule 4(c)(3)(A) requires. Even if he did follow Mississippi Rule 4(c)(3), service would be effective only if Davis received an "acknowledgment of service" within 20 days after the mailing date. Miss. R. Civ. P. 4(c)(3)(B). Davis says he received nothing from Defendants, so service by mail was insufficient. Show-Cause Resp. [4].

When that occurs, the plaintiff may perfect service "in any other manner permitted by this rule." Miss. R. Civ. P. 4(c)(3)(B). Davis next tried UPS. But the Mississippi Rules do not mention service by private courier, and "a private shipping service akin to Federal Express, does not qualify as first[-]class mail." *Boudy*, 2023 WL 4831412, at *3 (citing Miss. R. Civ. P. 4(c)(3)(A)). Davis has not proved proper service on Defendant Franklin.[1]

***Defendant Wright:*** Whether Davis properly served Wright depends on both Mississippi and Tennessee law. Under Federal Rule 4(e)(1), service can occur under the law of the "state where the district court is located" (Mississippi) "or where service is made" (Tennessee).

Starting with Mississippi law, its Rule 4(c) does not mention courier service. But it does address service by certified mail to out-of-state defendants like Wright:

> In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt

---

[1] Had Davis attempted personal service on Franklin through a process server or the sheriff, he would have had to follow Mississippi Rule of Civil Procedure 4(d).

5

> requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

Miss. R. Civ. P. 4(c)(5).

Davis's show-cause response refers to "signature cards" he expected to receive back, which is consistent with certified mail. But, first, Davis offers no evidence of such service, and second, Mississippi law is strict that service must be shown "by the return receipt or by the returned envelope marked 'Refused.'" *Id.* Even if a card is returned to the sender marked "unclaimed" or "unclaimed/refused," that isn't good enough for service. *Bloodgood v. Leatherwood*, 25 So. 3d 1047, 1051 (Miss. 2010) (noting due-process concerns). By his own admission, Davis never received what Mississippi Rule 4(c)(5) requires.

His efforts to use UPS are no better. Mississippi Rule 4(c)(5) requires certified mail; courier services are not the same thing. *David B. Turner Builders LLC v. Weyerhaeser Co.*, No. 3:21-CV-309-KHJ-LGI, 2021 WL 5098283, at *2 (S.D. Miss. Nov. 2, 2021) (holding that "Federal Express is not a sufficient substitute for certified mail") (citing *Fly Me, LLC v. Greer*, No. 1:04-CV-315, 2005 WL 1389004, at *2 (N.D. Miss. June 10, 2005)). So service was not perfected under Mississippi law.

The same is true under Tennessee law. Tennessee permits personal service. Tenn. R. Civ. P. 4.04(1). But Davis never attempted it. Tennessee also allows service of the summons and complaint by certified mail. Tenn. R. Civ. P. 4.04(10). But to use that means, the plaintiff must "send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant." *Id.* Davis mailed something to Wright in his first attempt, but he has not proven that he followed these procedures.

6

Even if he did, such service is effective only when the plaintiff receives either "a return receipt showing personal acceptance by the defendant" or an authorized agent, or "a return receipt stating that the addressee or the addressee's agent refused to accept delivery." *Id.* Davis says this never happened. Show-Cause Resp. [4].

Nor would the UPS service satisfy Tennessee's requirements. *See Hobson v. Billotte*, No. 3:21-405, 2021 WL 4342329, at *5 (M.D. Tenn. Sept. 23, 2021) (finding service by UPS insufficient) (citing *Est. of Lockner v. Woodard*, No. 2:19-CV-220, 2021 WL 2154168, at *2 (E.D. Tenn. Apr. 27, 2021)), *report and recommendation adopted*, 2021 WL 4847191 (M.D. Tenn. Oct. 18, 2021). Davis never properly served Wright.

It's not enough that these Defendants may have obtained actual knowledge of the lawsuit. The rules for service of process must be strictly followed. *Hanna v. Plumer*, 380 U.S. 460, 464 (1965) (holding sufficiency of service depends on compliance with rule). And neither Franklin nor Wright were served in a way the rules allow.

   2.  Service on Pilot

Davis tried to serve "Pilot Company/Corporation" via courier in Knoxville, Tennessee. Defs.' Mem. [11] at 4–5. Because Pilot is a corporate entity, it must be served under Federal Rule of Civil Procedure 4(h)(1), which requires service

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant

Rule 4(h)(1)(A) incorporates "Rule 4(e)(1) for serving an individual" which in turn allows service "following state law for serving a summons" in either the state where the district

7

court is found or in which service was attempted. In other words, under Rule 4(h)(1)(A), "a plaintiff can invoke state service rules for serving a corporation." *David B. Turner Builders LLC*, 2021 WL 5098283, at *1; *accord OYO Hotels, Inc. v. Parmar*, No. 3:23-CV-1602-B, 2024 WL 4051755, at *3 (N.D. Tex. Sept. 3, 2024) (looking to Texas law for serving corporations).

Again, Mississippi Rule 4(c) does not list couriers as a proper way to serve process. And though corporations can be served by first-class mail under Mississippi Rule 4(c)(3)(A), that has not been established for the same reasons addressed with the individual Defendants. Nor has Davis satisfied Mississippi Rule 4(d)(4), which addresses service on a domestic corporation. That rule says service on a domestic corporation can be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Miss. R. Civ. P. 4(d)(4). Davis has not shown such service.

Tennessee has essentially the same rule. It allows service

> [u]pon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.04(4). In short, neither state rule mentions service by private couriers like UPS, and Davis has not otherwise demonstrated compliance with these state laws.

That leaves Federal Rule of Civil Procedure 4(b)(1)(B), which allows service by delivery—personal, not via FedEx or UPS—to the entity's officer or agent. Again, Davis has not suggested that he attempted such service. And without proper service of process, the Court lacks personal jurisdiction over Defendants. *BNSF Ry. Co. v. Tyrrell*, 581 U.S.

8

402, 409 (2017). Defendants' motion must therefore be granted based on lack of proper service, which makes it unnecessary to address their other arguments.

B.  Whether to Dismiss Davis's Claims

There remains one final question—whether to dismiss Davis's civil action. When service isn't made within 90 days, Federal Rule of Civil Procedure 4(m) requires the Court to either dismiss the case without prejudice "or order that service be made within a specified time." Courts thus may extend the time for service "even if there is no good cause shown." *Henderson v. United States*, 517 U.S. 654, 662 (1996). Davis has not shown good cause. But his case is distinguishable from others when the plaintiff made no effort to pursue the lawsuit or had notice before the Rule 4(m) period expired yet did nothing. *Cf. Payne v. Gail Pittman, Inc.*, No. 3:06-CV-726-DPJ-JCS, 2007 WL 9775579, at *1 (S.D. Miss. Dec. 19, 2007).

The Pilot Defendants urge the Court to dismiss Davis's claims without prejudice except for his intentional-tort claims—i.e., defamation and emotional distress. Defs.' Mem. [11] at 5. They seek dismissal of those claims with prejudice because if refiled they would be barred by the applicable one-year statutes of limitations. *Id.* Defendants are correct—the intentional torts might be time barred if dismissed without prejudice. But they fail to address the test that applies when that occurs.

In *Millan v. USAA General Indemnity Co.*, the Fifth Circuit held that even without good cause, the district court has limited discretion to dismiss a claim under Rule 4(m) when—as here—doing so would amount to dismissal with prejudice. 546 F.3d 321, 326 (5th Cir. 2008). Dismissal under these circumstances "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the

9

interests of justice." *Id.* (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)).  The circuit also requires some aggravating circumstances like "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).  The Pilot Defendants never address these tests, nor do they demonstrate that Davis's conduct meets them.

It doesn't.  Davis obtained the summonses within the 90 days allowed by Rule 4(m), and his conduct since then does not show a clear record of delay.  To start, he twice tried to serve Defendants.  And though the Court ordered him to show cause why the case should not be dismissed under Rule 4(m), Davis responded suggesting that he perfected service.  The Court entered no further orders, so Davis was never told he needed to do something more and was never given a first extension.  While he did cause the delay, and therefore presents an aggravating factor, he tried to serve Defendants.  He just doesn't seem to understand what is required or that his past efforts were ineffective.

This record fails to reflect intentional conduct or that Davis behaved contumaciously.  Nor have the Pilot Defendants demonstrated that a lesser sanction—in this case a warning—would not better serve the interests of justice.  *See Millan*, 546 F.3d at 326.  The interests of justice are best served by deciding the case on the merits.  Finally, there is no undue prejudice demonstrated.

The Court therefore rules that under Rule 4(m), Davis has 28 days from the date of this Order to properly serve the Pilot Defendants.  Davis is instructed to fully comply with Federal Rule of Civil Procedure 4.  For example, he must comply with the service requirements found in

Rules 4(c), (e), and (h) and provide the information Rule 4(a) requires. Failure to do so may result in dismissal.

If Davis successfully serves a Defendant, that Defendant may renew the other arguments in the motion to dismiss (and any new ones that become relevant). The motion is therefore denied without prejudice other than the Rule 12(b)(5) holding. Defendants may likewise consider a motion for more definite statement under Rule 12(e).[2]

**SO ORDERED AND ADJUDGED** this the 10th day of January, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes that this approach might create additional work if Davis can perfect service. But given his pro se status and the jurisdictional nature of the Rule 12(b)(5) motion, it is more prudent to limit the holding to the narrowest grounds. And even assuming Defendants are correct regarding the sufficiency of Davis's Complaint, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). Thus, courts should not dismiss claims "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*; accord *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (noting usual practice of granting leave to amend after dismissal for failure to state a claim). It is unclear whether Davis has pleaded his best case.

11